U.S. DISTRICT COURT * W.D. LOUISIANA *MONROE DIVISION

| | |
|---|---|
| GREGORY SCOTT, *et al.* | DOCKET NO.: 3:16-cv-00376 |
| versus | JUDGE: S. Maurice Hicks |
| NORTHERN LOUISIANA MEDICAL CENTER, *et al.* | MAGISTRATE JUDGE: Karen Hayes |

## JOINT STATEMENT OF THE CASE

Plaintiffs Greg Scott and Michelle Scott, individually and on behalf of their minor daughter, Jordan Scott, and Defendants Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center, and Brady DuBois, respectfully submit this Joint Statement of the significant procedural history and current posture of this case:

I.   **PROCEDURAL HISTORY**

  A.   **Original Complaint – March 21, 2016 [Doc. 1]**

Plaintiffs' filed their complaint against Northern Louisiana Medical Center (NLMC) and Brady Dubois alleging several causes of action. These claims included alleged EMTALA violations for providing inadequate medical screening, disparate medical screening, and delay of appropriate medical screening for Miss Jordan Scott. Additionally the plaintiffs asserted claims for negligent administration, malfeasance, and intentional action. Included in these claims was plaintiffs' allegation that the damages cap provided under the Louisiana Medical Malpractice Act was not applicable to this matter. The complaint referenced the deposition testimony of Dr. James Taylor taken in the separate medical malpractice proceeding brought by plaintiffs against Taylor, NLMC, and another physician, Dr Jacob Wood.

  B.   **Defendants' 12(b)6 Motion to Dismiss and Alternatively Motion to Stay – May 6, 2016 [Doc. 10]**

In response to the complaint, defendants filed a motion to dismiss and alternatively motion to stay. This pleading sought to dismiss all EMTALA claims, as well as the majority of

the state law claims. Alternatively, defendants sought to have the matter stay the matter pending the outcome of the state Medical Review Panel proceeding.

    C.    **Plaintiffs' Opposition to Defendants' 12(b)(6) Motion to Dismiss – May 23, 2016 [Doc. 15]**

Plaintiffs responded to defendants' motion to dismiss opposing all arguments except defendants' position that the EMTALA claims against Mr. Dubois should be dismissed because EMTALA does not allow for claims against private individuals. (Note: After reviewing Defendants' briefing, Plaintiffs concede they have no claim against Mr. Dubois individually under EMTALA. They do maintain, however, that they have a claim against Mr. Dubois individually for malfeasance, discussed in more detail below.).

    D.    **Defendants' Ex Parte Motion for Leave to File Reply Brief – May 31, 2016 [Doc. 16]**

Defendants sought to address plaintiffs' opposition to the motion to dismiss and further to attach the entire deposition transcript of Dr. Taylor as the deposition was central to plaintiffs' claim.

    E.    **Defendants' Supplemental Reply Brief in Support of Rule 12(b)(6) Motion to Dismiss – September 9, 2016 [Doc. 26]**

    F.    **Magistrate Judge's Report and Recommendations – September 9, 2016 [Doc. 27]**

    a. Plaintiffs' intentional tort claims against NLMC and Mr. Dubois to be DISMISSED WITH PREJUDICE.

    b. Plaintiffs' EMTALA claim asserted against Mr. Dubois to be DISMISSED WITH PREJUDICE.

    c. Plaintiffs' allegations that their EMTALA claim is not subject to the LMMA's cap on damages to be DISMISSED WITH PREJUDICE.

    d. Plaintiffs' remaining state law claims under La. R.S. 40:2113.4-6, for negligence, and for malfeasance to be DISMISSED WITHOUT PREJUDICE as premature.

    e. Defendants' motion to dismiss to be otherwise DENIED.

f.  Defendants' alternative motion to stay this case pending the outcome of the related medical review panel proceeding to be GRANTED.

**G. Plaintiffs' Objections to Report & Motion for Expedited Consideration – September 11, 2016 [Doc. 28]**

Plaintiffs timely filed their objections to the Magistrate Judge's report and recommendations asserting the following assignments of errors:

(1) Improper and premature adverse inferences were made in "dismissing" some of Plaintiffs' administrative negligence claims and "capping" Plaintiffs' EMTALA claims;

(2) The recommendation to "cap" Plaintiffs' EMTALA claim contradicts existing Federal jurisprudence;

(3) The recommendation to "stay" litigation was unwarranted.

(4) The decision to transition Defendants' 12(b)(6) motion into a motion for summary judgment without the opportunity for discovery was improper.

**H.  Defendants Response to Plaintiffs' Objections to Report – September 26, 2016 [Doc. 30]**

Defendants responded to the Plaintiffs' Objections to the Report as follows:

(1)  Consideration by the Magistrate Judge of the Coleman factors was not only proper at this stage of litigation, it was necessary because of the nature of the plaintiffs' claims.

(2)  The recommendation regarding the LMMA damages cap was appropriate as the Magistrate Judge only determined that the cap may apply to plaintiffs' EMTALA claims.

(3) The Magistrate Judge was within her discretion to stay the matter.

**I.  Plaintiff's Reply Brief in Support of Objections – September 28, 2016 [Doc. 35]**

**J.  Defendants' Reply Brief in Response to Plaintiffs' Reply Brief in support of Objections– October 4, 2016 [Doc. 38]**

**K.  Plaintiffs' Motion for Leave and Supporting Memorandum – "New Evidence" regarding Plaintiffs' Objections to the Report and Recommendations (Consent Obtained) – October 18, 2016 [Docs. 41 and 45]**

3

Plaintiffs filed a supplemental brief in support of their objections to the Magistrate Judge's Report based upon alleged new evidence from the deposition of Dr. Calvert which was taken on Oct. 17, 2016.

**L. Plaintiffs' Motion for Leave and Memorandum – New Authority regarding Plaintiffs' Objections to the Report and Recommendations (Consent sought and obtained) – October 20, 2016 [Docs. 42 and 44]**

Plaintiffs sought leave to file a supplemental brief in support of their objections to the Magistrate Judge's Report based upon the recent Louisiana Supreme Court decision in *Billeaudeau v. Opelousas General Hospital*.

**M. Defendants' Memorandum in Opposition to Plaintiffs' Supplemental Briefs in Further Support of Objections – "New Evidence" and "New Authority" – October 31, 2016 [Doc. 48]**

## CONCLUSION

After the Magistrate's report and recommendation, the remaining claims of Plaintiffs against the Defendants are limited to: (1) the EMTALA claim against NLMC; (2) state law negligent administration and malfeasance claims against NLMC and Mr. Dubois. All other claims have been recommended for dismissal. Finally, these remaining claims have been stayed pending the outcome of the state Medical Review Panel proceeding. However, the report and recommendation of the Magistrate Judge has been objected to by the plaintiffs and a ruling on those objections is pending.

Wherefore, the parties, through their respective counsel, and without waiving any objections or arguments approve the Joint Statement of the Case as articulated above for the limited purpose of providing guidance to the issues currently pending before the Court.

Respectfully submitted, and approved as to both form and substance:

| | |
|---|---|
| ***/s/ Kurt S. Blankenship***<br>Kurt S. Blankenship (#3131) T.A.<br>Robert I. Baudouin (#14069)<br>Richard E. Gruner (#21630)<br>Kelly M. Brian (#31064)<br>3421 North Causeway Blvd., Suite 900<br>Metairie, La. 70002<br>Telephone: 504-830-4938<br>Facsimile:  504-846-9746<br>E-mail: kblankenship@bluewilliams.com | ***Russell A. Woodard, Jr.***<br>RUSSELL A. WOODARD, JR. (#34163)<br>BREITHAUPT, DUNN, DUBOS, SHAFTO &<br>WOLLESON, LLC<br>1811 Tower Dr., Suite D<br>Monroe, La. 71207<br>Telephone: (318) 322-1202<br>Facsimile: (318) 322-1984<br>E-mail: rwoodard@bddswlaw.com<br>Counsel for Plaintiffs |