U.S. DISTRICT COURT * W.D. LOUISIANA * MONROE DIVISION

| | |
|---|---|
| **GREGORY SCOTT,** *et al.* | **JUDGE: S. Maurice Hicks** |
| *versus* **- 3:16-cv-00376** | |
| **NORTHERN LOUISIANA MEDICAL CENTER,** *et al.* | **MAGISTRATE JUDGE: Karen Hayes** |

### PLAINTIFFS' 1ST AMENDED & SUPPLEMENTAL COMPLAINT

NOW INTO COURT come Plaintiffs, who hereby adopt and incorporate all of the allegations of fact, claims, and prayers for relief alleged in their original Complaint as if re-alleged *in toto*, and then offer the following supplemental allegations of fact:

**1.** NLMC uses a software called MEDHOST, which is a computer-type technology that provides a touchscreen menu where doctors can literally press a "button" to obtain certain treatment options, including diagnostic imaging. MEDHOST exists in all of NLMC's departments, including its emergency department.

**2.** Discovery has revealed that, at the time of Jordan Scott's treatment, all of NLMC's different departments allowed for MRI's to be obtained when desired by a physician through a simple click of the MEDHOST "button" – all *except* its emergency department.

**3.** NLMC has failed to identify any reason as to why its emergency department's MEDHOST software did not possess an MRI "button" at the time of Jordan Scott's treatment. Further, while NLMC administration claims that MRI's are allowed from the emergency department, all of NLMC's emergency department physicians (Drs. Alam, Taylor, and Calvert) have testified that *they did not know how to order an MRI from the emergency department*. In fact, *some of these physicians did not even think it was possible to order an MRI* from NLMC's emergency department (despite an MRI machine being right down the hallway).[1]

---

[1] So, while NLMC administration believes that MRI's are accessible from its emergency department, NLMC's emergency physicians think otherwise.

4. It is undisputed that, if NLMC's emergency department's MEDHOST software had an MRI "button" on the date of Jordan Scott's treatment, her treating physician (Dr. Taylor) could have simply pressed the "button" and then an MRI would have been immediately ordered and obtained. This would have allowed for Jordan Scott's thoracic hematoma to have been timely identified, treated, and removed. Instead, however, no MRI "button" existed on the date of Jordan Scott's treatment, and her treating physician therefore spent roughly seven (7) hours attempting to obtain an MRI (running into multiple administrative hurdles and denials pending "precertification" along the way). During this seven (7) hour delay, Jordan Scott's condition deteriorated from mere tingling/numbness in her extremities to full-blown and irreversible paralysis. Accordingly, the absence of an MRI "button" on NLMC's emergency department's MEDHOST software proximately caused Plaintiffs' damages.

5. In short, discovery has revealed that Jordan Scott's damages are directly due to NLMC's failure to place a simple "button" on its emergency department's software that inexplicably existed in *every* other department using the exact same software at the time of her treatment.

6. MEDHOST decisions – including the inclusion/exclusion of the MRI "button" – are administrative matters which are unrelated to medical treatment or a physician's professional skill. In addition, the decision to include or exclude an MRI "button" does not require expert medical evidence regarding the appropriate standard of care (*e.g.* in depositions, NLMC's own physicians were unclear as to how the MEDHOST software operates and who was responsible for installing it or modifying it). The decision to include or exclude the MRI "button" likewise does not involve an assessment of a patient's condition – it was universally applied throughout NLMC's

emergency department without consideration of any particular patient's condition. Further, NLMC's decision to remove the MRI "button" on its MEDHOST software did not occur within the context of any physician-patient relationship – to the contrary, it was a purely administrative decision or omission without any input from a physician. Finally, NLMC's decision to remove the MRI "button" from its emergency department software was intentional – there is simply no legitimate reason for NLMC's other departments to have an MRI "button" on its software while the emergency department (using the exact same software) does not have an MRI "button." On information and belief – specifically, unfavorable reimbursement schedules for emergency department MRI's – NLMC intentionally removed the MRI "button" from its MEDHOST software in effort to make the obtaining of emergency MRI's more difficult and, in turn, minimize financial losses attributable to unpaid emergency room MRI's. This is improper in the emergency room setting because: (i) financial considerations are inherently prohibited in the emergency setting when it comes to providing appropriate screening examinations and related treatment; and (ii) emergency rooms receive funding (state and federal) to cover these types of anticipated losses.

      **7.** In short, NLMC committed administrative negligence when it installed the MEDHOST software in its emergency department without the MRI "button." It also committed administrative negligence by failing to instruct, train, or educate its administrative staff and physicians on how to obtain MRI's from the emergency room (with or without the benefit of MEDHOST). Last, to the extent NLMC deliberately removed the MRI "button" from its emergency department's MEDHOST software for financial considerations, then that constitutes an additional EMTALA violation because it effectively delays or denies appropriate screening examinations and related treatment based on financial/insurance-related inquiries.

WHEREFORE, Plaintiffs respectfully pray for a trial by jury and, thereafter, a judgment for all amounts reasonable in the premises.

| | |
|---|---|
| *Oscar L. Shoenfelt, III* | *Russell A. Woodard, Jr.* |
| OSCAR L. SHOENFELT, III (#12032) | RUSSELL A. WOODARD, JR. (#34163) |
| BarRollNumber12032 | BREITHAUPT, DUNN, DUBOS, |
| OSCAR L. SHOENFELT, III, L.L.C. | SHAFTO & WOLLESON, LLC |
| 2109 Perkins Road | 1811 Tower Dr., Suite D |
| Baton Rouge, La. 70808 | Monroe, La. 71207 |
| Telephone: (225) 336-4300 | Telephone: (318) 322-1202 |
| Facsimile: (225) 336-4350 | Facsimile: (318) 322-1984 |
| Email: info@shoenfeltlaw.com | E-mail: rwoodard@bddswlaw.com |
| Counsel for Plaintiffs | Counsel for Plaintiffs |

Certificate of Service:
I hereby certify that on February 15th a copy of this filing was served contemporaneously on all counsel of record via the court's CM/ECF system.
*Russell A. Woodard, Jr.*