U.S. DISTRICT COURT * W.D. LOUISIANA * MONROE DIVISION

**GREGORY SCOTT,** *et al.*                                        **JUDGE: Robert G. James**

*Versus* – **3:16-cv-00376**

**NORTHERN LOUISIANA MEDICAL
CENTER,** *et al***.**                                        **MAGISTRATE JUDGE: Karen L. Hayes**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

### INTRODUCTION

After conferring pursuant to FRCP Rule 37,[1] Plaintiffs request that the Court order NLMC:

**(i)**     to produce all documents and responses which NLMC has promised (but failed) to produce without objection ("Undisputed Matters"); and

**(ii)**    to show cause, if any there may be, as to why all documents and responses withheld due to a purported "peer review" privilege ("Peer Review Matters").

Plaintiffs propounded discovery on November 27th, making NLMC's responses due on December 27th. However, NLMC did not provide any responses until January 16, 2017.[2] They were and remain deficient.

For the Undisputed Matters, NLMC promises that the information requested will be produced at some indefinite "later" date. Nearly *eighty (80) days* "later," Plaintiffs are still waiting.

Plaintiffs have advised NLMC on multiple occasions that they do not want to seek this Court's intervention (especially not for the Undisputed Matters). As the timeframe above establishes, Plaintiffs have been patient to no avail. Plaintiffs hereby reluctantly seek Your Honor's intervention.

---

[1] A Rule 37 conference was held via telephone to discuss the issues on February 13, 2017.
[2] *See* Ex. 1 (Plaintiffs' 1st Set of Discovery), Ex. 2 (NLMC's Responses). NLMC also provided supplemental responses on January 25, 2017. *See,* Ex. 3 (NLMC's Supplemental Responses).

## LEGAL STANDARD

The Honorable Magistrate Judge Hayes recently articulated the applicable standard for motions compelling discovery, as follows:

> Under Rule 33, a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Likewise, Rule 34 dictates that a party may serve on any other party a request within the scope of Rule 26(b) to produce any designated documents or any tangible things that are within that party's possession, custody, or control. Under Rule 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents. Relevant information need not be admissible at trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence. The courts understand the rule to provide for broad and liberal discovery. Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. Ultimately, the relevance inquiry ends where it starts; *i.e.* the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence. If, however, a party does not have a viable claim on the theory of recovery that purports to support the need for the requested discovery, then the discovery is not relevant. A party seeking discovery may move for an order compelling an answer or production against another party when the latter has failed to answer an interrogatory or produce documents for inspection. An evasive or incomplete response is treated as a failure to respond.[3]

## The Undisputed Matters

The Undisputed Matters are "evasive" and "incomplete" under the standard above. Accordingly, the Undisputed Matters [4] which warrant written responses and documentary production are:

- Interrogatories #'s: 3, 4, 6, 9, 11, 13, 15, 16-18.

- Request for Production #'s: 3-18, 20-24, 26-36.

---

[3] *See, Angus-Chemical Co. v. Glendora Plantation, Inc.*, 12-1656 (W.D. La. 4/22/2013), Monroe Div. (Doc. #56; pp. 7-8) (citations and quotations omitted).

[4] *See* also, Exhibit 4 ("Notes for Rule 37 Hearing"). This document was sent with highlights and notes to opposing counsel to better facilitate the Rule 37 conference.

## The Purported "Peer Review Privilege"

Plaintiffs have requested peer review meeting minutes and other related documentation concerning the treatment of Jordan Scott. This is vital information because NLMC has specifically reviewed and analyzed the administrative breakdown leading up to Jordan Scott's paralysis during several peer review committee meetings.[5]

For example, the Court will note that NLMC now – *after* Jordan's preventable paralysis and *after* these Peer Review meetings – has reinstated the MRI "button" in the emergency room software.[6] Had this MRI "button" existed on the date of Jordan Scott's treatment (as it did in *every* single NLMC department *except* the emergency department), then her treating physician would have been able to obtain the MRI within *minutes* by simply pressing the MRI "button." Instead, roughly *seven (7) hours* passed while NLMC administration blocked the repeated requests for an MRI due to "precertification" requirements and Jordan Scott's condition deteriorated from mere numbness/tingling in her extremities to full-blown and irreversible paralysis.

It is highly likely that the MRI "button" issue and other similar administrative breakdowns surrounding Jordan Scott's treatment were discussed in detail in the aforementioned peer review meetings. If so, this is vital information which will help bolster Plaintiffs' claims that NLMC's breakdowns were administrative in nature (thus supporting Plaintiffs' administrative negligence claims) and/or financially motivated (thus supporting Plaintiffs' EMTALA claims).

NLMC refuses to produce this evidence due to a purported "peer review privilege." However, no such privilege exists in federal courts.

This exact issue was recently addressed in *Robertson v. Neuromedical Center*, 95-1851 (M.D. La. 10/29/1996); 169 F.R.D. 80. In *Robertson*, the hospital objected to requests for

---

[5] *See*, Ex. 5 (Dr. Taylor Depo Testimony).
[6] *See*, Ex. 3 (NLMC's Supplemental Responses).

production of documents claiming they were protected by a "peer review privilege" under LSA-R.S. 13:3715.3. The *Robertson* court disagreed and ruled that the peer review documents were discoverable. In so holding, the *Robertson* court explained:

> Before deciding whether the hospitals' assertion of the peer review privilege can be maintained, the court must determine whether the privilege invoked is governed by state or federal law. The analysis must begin with the general rule set forth in Rule 501. The rule requires that federal common law govern a claim of privilege by a witness, except as otherwise required by the Constitution, an act of Congress, or a Supreme Court rule. However, if state law supplies the rule of decision as to an element of a claim or defense, the privilege claim is determined in accordance with state law. Plaintiff alleged an ADA claim, as well as claims under the state statute prohibiting discrimination based on disability…and other state law claims based on defamation, breach of contract and intentional infliction of emotional distress…it appears from a review of the items in dispute that the information and documents requested would be relevant to both federal and state claims. As a practical matter, the court cannot segregate the discovery into what would be relevant to the federal claim versus the state law claims…Thus, ***federal law*** will be applied to the hospitals' privilege claim.[7]

In short, NLMC's "peer review privilege" objection is unsustainable because it arises under state procedural law which simply does not govern or apply to these proceedings.

***THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY***

---

[7] *Id.* at 81-83. (Emphasis added).

## CONCLUSION

WHEREFORE Plaintiffs respectfully pray that their motion be granted, and that the following relief be awarded:

**(i)**  to produce the Undisputed Matters within ten (10) days of the execution of Your Honor's order; and

**(ii)**  to show cause, if any there may be, as to why the Peer Review Matters should not be produced.

Respectfully submitted by Attorneys for Plaintiffs:

| | |
|---|---|
| *Oscar L. Shoenfelt, III* | *Russell A. Woodard, Jr.* |
| OSCAR L. SHOENFELT, III (#12032) | RUSSELL A. WOODARD, JR. (#34163) |
| Bar Roll Number 12032 | **BREITHAUPT, DUNN, DUBOS,** |
| **OSCAR L. SHOENFELT, III, L.L.C.** | **SHAFTO & WOLLESON, LLC** |
| 2109 Perkins Road | 1811 Tower Dr., Suite D |
| Baton Rouge, La. 70808 | Monroe, La. 71207 |
| Telephone: (225) 336-4300 | Telephone: (318) 322-1202 |
| Facsimile: (225) 336-4350 | Facsimile: (318) 322-1984 |
| Email: info@shoenfeltlaw.com | E-mail: rwoodard@bddswlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record through the CM/ECF system on this 17TH day of February, 2017.

*Russell A. Woodard, Jr.*
Russell A. Woodard, Jr.